the Commissioner and there is no evidence of any abnormality of either capital or income.

> *The deficiency is $8,052.17.  Order will be entered accordingly.*

---

APPEALS OF MARION H. KENNISH, BERTHA E. COPELAND, PERCIVAL W. COPELAND, W. R. KENNISH, AND ARTHUR HIND.

Docket Nos. 1630–1634.  Decided July 21, 1926.

*C. R. Dewey, Esq.,* for the petitioners.
*Robert A. Littleton, Esq.,* for the Commissioner.

Before GRAUPNER,[1] LITTLETON, and GREEN.

These appeals are from a determination by the Commissioner of deficiencies in income taxes for the year 1920, in amounts as follows:

| | |
|---|---|
| Marion H. Kennish | $4,037.48 |
| Bertha E. Copeland | 3,655.76 |
| Percival W. Copeland | 2,316.19 |
| W. R. Kennish | 6,449.15 |
| Arthur Hind | 32,232.49 |

The deficiency in each appeal arose from the action of the Commissioner in treating as taxable income certain cash dividends received by the taxpayers in the year 1920 from Hind & Harrison Plush Co., a corporation.  These dividends are claimed by the taxpayer to have been the surplus, earnings and profits accumulated by said corporation prior to March 1, 1913.  With the exception of the amount of dividends received, the essential facts are identical in each appeal.

FINDINGS OF FACT.

The petitioners are residents of the Village of Clark Mills, N. Y., with the exception of Arthur Hind, who is a resident of the City of Utica, N. Y.

The Hind & Harrison Plush Co. was a domestic corporation organized and doing business under the laws of the State of New York.  On November 30, 1919, its books showed a surplus of $1,460,192.26, which, after deducting the reserve for taxes amounting to $343,351.20, left a surplus of $1,116,841.06.  Of this latter amount, the sum of $295,699.92 was surplus, earnings and profits accumulated prior to March 1, 1913.

On January 2, 1920, the board of trustees of the said corporation passed a resolution as follows:

---

[1] This decision was prepared during Mr. Graupner's term of office.

On motion, duly seconded and carried unanimously, it was decided to pay this day a stock dividend of 101.875% on the Common Stock to all holders as of record on November 30th, 1919, in the following proportion: 25% Common Stock and 76.875% Preferred Stock, making the Capital fully paid up into $1,000,000.00 Common and $800,000.00 Seven Per Cent Preferred.

On motion, duly seconded and carried, it was decided to pay a cash dividend of 30% on January 5th, 1920, to all holders of Common Stock as of record on that date. As part of this dividend is not subject to taxation, being from surplus accumulated prior to February 28th, 1913, the Secretary was instructed to notify each stockholder of the proportion of dividends taxable and that portion not taxable.

On January 2, 1920, the corporation, pursuant to said resolution, distributed stock of the par value of $815,000 to its stockholders as a stock dividend, and on January 5, 1920, it paid a cash dividend of $300,000. The cash dividend, with the exception of $6,141.14, was recorded on the books of the corporation as a distribution from surplus, earnings and profits accumulated prior to March 1, 1913, and the stockholders were so notified. The taxpayers herein were stockholders of said corporation and the respective portions of said cash dividend received by them are the amounts treated as taxable income by the Commissioner and over which the controversy herein arises.

The Commissioner refused to recognize the said stock dividend as a distribution of the surplus, earnings and profits accumulated since March 1, 1913, and treated the cash dividend as a distribution out of surplus accumulated since March 1, 1913, which action resulted in the alleged deficiencies as above set forth.

OPINION.

GREEN: The issues involved in these appeals are identical with that in the *Appeal of Hugh R. Wilson*, 3 B. T. A. 957. The deficiencies are in accord with the reasoning and authority of that case.

*Judgment for the Commissioner.*